[Civ. No. 4831. Third Appellate District.—March 16, 1933.]

WILLIAM P. JACKSON, Respondent, v. WILLIAM EDGAR MILLER, Appellant.

[Civ. No. 4832. Third Appellate District.—March 16, 1933.]

HILDA BENTLEY, Respondent, v. WILLIAM EDGAR MILLER, Appellant.

Clark, Nichols & Eltse for Appellant.

Augustin Donovan and James R. Agee for Respondents.

PARKER, J., *pro tem.*—In each of the actions entitled the plaintiff sought damages for injuries alleged to have resulted through the negligence of defendant.

The cases involved but one happening and therefore an order of consolidation was entered in the court below and the proceedings were carried on through but one trial. A jury was impaneled and verdict returned in favor of each plaintiff. Motion for new trial was denied and judgments entered upon the verdicts. This appeal follows.

The main ground of the appeal is that plaintiff Jackson was guilty of contributory negligence to an extent barring any recovery, and that such negligence is imputed to plaintiff Bentley, likewise destroying any right of action in her.

The claimed negligence and injury arise out of an automobile accident.

The respective plaintiffs were occupants of one car and defendant Miller the occupant of the other car involved. Another person was with Miller as a guest and appeared as a witness at the trial, though not a party to the action.

The accident happened after dark upon a public highway. This highway was 22 feet wide with a white stripe running approximately in the center.

█ It was the claim of plaintiffs that defendant was over the stripe on the wrong side of the road. It was defendant's claim at the trial that he was at all times, up to and including the actual impact, all of two feet to the right of the white line and on his proper side of the road. The conflict in testimony then resulted. The verdict of the jury resolved the question in favor of the plaintiffs. Upon the appeal defendant accepts the finding of the jury and argues from the finding.

The point made is that the driver of the plaintiffs' car, according to his own testimony, saw the car of defendant when the latter was still some 600 yards distant. At that point defendant was on the wrong side of the road and heading directly for a collision. That plaintiffs' driver admitted that he recognized danger of impact at a point while still some 40 to 60 feet distant from the defendant's car and that there was still plenty of time for plaintiff to turn with safety by yielding his right of way and also ample room for him to clear defendant's path. That plaintiff driver did not yield as much as a foot with the resulting disaster. This contention of appellant is stated in the language of appellant. Having thus laid his factual predicate appellant contends plaintiff to be guilty of contributory negligence as a matter of law.

The evidence, on the other hand, presents a somewhat different set-up. The night was dark and both cars traveling with lights. When plaintiffs' driver first saw defendant the latter was in the center of the road and then about a quarter of a mile away. The highway was comparatively narrow, 22 feet. Meaning narrow as distinguished from the three and four lane routes now becoming more common throughout the state.

At this point there was surely no warning of danger nor was there anything unusual or hazardous in observing an approaching car over the center line. Defendant's car con-

tinued its approach until at a point where the cars were about 100 feet apart the defendant was wholly on plaintiffs' side.

Plaintiffs' driver still thought defendant would pull back to his own side. It was when the cars were between 40 and 60 feet apart that plaintiffs' driver realized that if defendant failed to pull over a collision would be inevitable. It was then plaintiffs' driver applied his brakes but all too late. Further, there was some evidence that the general condition of the territory was such as to make it hazardous to attempt to get off the highway, and finally it may be noted that the car of defendant was not entirely over the stripe until about 100 feet from plaintiff.

The speed of defendant was generally given as around 45 miles per hour.

Baldly stated we are asked to determine that there can be no such thing as relative or mutual rights on a public highway. That whosoever has the temerity or recklessness to usurp the entire highway is entitled thereto. We are asked to glorify the road hog and place a premium on murder; to make shambles of the Camino Real and change the white stripe to a full width of red. The claim is too absurd to merit discussion.

Appellant urges as further grounds for a reversal the action of the court below in refusing to give three instructions requested by him. It is the contention of the appellant that the refusal to give said instructions resulted in the court entirely ignoring the defense of contributory negligence which was pleaded.

■ We are not convinced from the record that appellant was entitled to have any instructions given on the subject of contributory negligence inasmuch as there is no evidence to support such a defense.

The issues presented to the jury were clear cut. Plaintiffs' testimony showed that while plaintiffs were at all times on their own side of the road, the car of defendant almost deliberately, or at least without excuse, left the proper side and came over the stripe.

Defendant's testimony was that his car was at all times two feet over on his own side and never at any time across the stripe. That both cars were in positions of safety until

within 14 feet of each other, at which point the plaintiffs' car swerved over and made the impact unavoidable.

Thus the issue was drawn. Taking either view there was no contributory negligence. If plaintiff's version is correct he was not guilty of negligence. If defendant's version should be accepted then the accident resulted solely from the negligence of plaintiff, which negligence was in no sense contributory. Notwithstanding this view of the case we will consider the complaint of appellant.

The first instruction refused is as follows: "You are instructed that if you find that the accident was proximately caused by any negligence whatever, however slight, upon the part of Jackson then, notwithstanding the fact that you also find that defendant was negligent and that defendant's negligence was greater in proportion than that of Jackson, still you must find for the defendant and if you further find that Jackson was driving said automobile purely on the business of the plaintiff, Bentley, then plaintiff Bentley cannot recover from defendant."

Sufficient answer may be found in the instruction which was given, viz.: "You are instructed that the law of this state at the time of the happening of this accident required plaintiff, Jackson, to travel on the right hand side of the highway and close to the right hand edge or curb of such highway unless such right hand side was obstructed, and if you find that at the time of this accident, plaintiff, Jackson, was not traveling upon the highway as provided by law, then he was negligent, and if you further find that such negligence proximately caused or contributed, even in the slightest degree, to the happening of the said accident, then plaintiff, Jackson, can recover nothing from this defendant on account of injuries to said Jackson, if any."

The next instruction which the court refused to give at appellant's request is as follows: "You are instructed that it is the law that the driver of an automobile must at all times exercise ordinary care to avoid injury to himself as well as injury to others and in this case you are instructed that even though you find that the automobile of defendant, Miller, was on the wrong side of the highway and such act contributed to the collision, still if you further find that Jackson saw the Miller car approaching him in sufficient time to appreciate that there was danger of a collision

with the Miller car and Jackson at that time had the opportunity to avoid said collision by stopping or pulling his car further to his right hand side of the highway, and you further find that notwithstanding such knowledge and opportunity, if any, he, Jackson, continued to drive his car toward the Miller car without making an effort to avoid it, then he, Jackson, is guilty of negligence, and if you further find such negligence proximately contributed to the happening of the said collision in the slightest degree, then the plaintiff, Jackson, cannot recover from the defendant, and if you further find that under all the foregoing circumstances the said Jackson was driving his automobile upon the business of plaintiff, Bentley, then the negligence, if any, of plaintiff, Jackson, is imputed to the said plaintiff, Bentley, and she can recover nothing from the defendant.''

This is not an accurate statement of the law and for that reason the court's action was proper. The instruction given was sufficient and reads as follows: ''It is part of the duty of the operator of a motor vehicle to keep his machine always under control so as to avoid collisions with other persons using the highway. He has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate and expect the presence of others. This rule of law applied to the conduct of the defendant Miller and plaintiff Jackson in the operation of the automobiles they were driving, and if you believe from the evidence that at the time of and immediately before the collision in question said defendant or said plaintiff did not keep his machine under control so as to avoid collisions with other persons using the highway, then and in that event I instruct you that such person, if you so find, was negligent.''

The next refused instruction urged as a basis for reversal is as follows: ''The jury is instructed that in this case it is not sufficient for the plaintiffs to show that the accident occurred and that injury resulted to them but they must also show that the accident occurred by reason of the negligence of the defendant, William Edgar Miller, from which plaintiffs were themselves free.''

The last portion thereof does not state the law. On the point that the mere happening of an accident raises no pre-

sumption of negligence, the jury was fully instructed on three different occasions.

A complete review of the instructions given shows the jury to have been fully and fairly advised on the law applicable.

The foregoing disposes of both cases inasmuch as the attack upon the Bentley judgment is based upon the theory of imputed negligence. We deem it unnecessary to determine whether the relationship between the plaintiffs was such as to impute the negligence of one to the other, for the obvious reason that if Jackson is held free from negligence, there would be none to impute to Bentley.

Judgments affirmed.

Plummer, Acting P. J., and Thompson, J., concurred.